In the Matter of ARTHUR S. ANDERSON, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 27, 1988

APPEARANCES OF COUNSEL

*David E. Brennan (Maynard C. Schaus* of counsel), for petitioner.

*Scinta, Rinaldo & Collins (Richard G. Collins* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent is an attorney admitted to practice in New York by this court on September 12, 1972. He maintains an office for the practice of law in Buffalo. He is charged by the Grievance Committee of the Eighth Judicial District with multiple violations of the Code of Professional Responsibility and the rules of this court, specifically Code of Professional Responsibility DR 1-102 (A) (4), engaging in conduct involving dishonesty; DR 1-102 (A) (5), engaging in conduct that is prejudicial to the administration of justice; DR 1-102 (A) (6), engaging in conduct that reflects adversely on his fitness to practice law; DR 6-101 (A) (3), neglecting a legal matter entrusted to him; DR 9-102 (A), (B), failing to identify, deposit, and promptly repay funds of a client; and 22 NYCRR 1022.5 (a), failing to maintain a special account for deposit of clients' funds. Respondent denied the allegations of the petition, except for the allegation that he failed to maintain a clients' account, and the matter was referred to a Referee to hear and report. The Referee found respondent guilty of all charges except the charge that he engaged in conduct involving dishonesty. With respect to that charge, the Referee found no proof that respondent had converted the clients' funds "to his own use".

Petitioner moves to confirm the Referee's findings except for the finding that respondent did not engage in conduct involving dishonesty. Petitioner requests that we make the finding that respondent engaged in conduct involving dishonesty by failing to use client's funds for the purpose for which they had been entrusted to him and, instead, misappropriating them and diverting them to the use of another. Respondent cross-moves to confirm the Referee's report in part and disaffirm in part. He seeks confirmation of the Referee's finding that he did not convert the funds, but asks us to disaffirm the other findings. We grant petitioner's motion and make the additional finding that respondent engaged in conduct involving dishonesty in violation of DR 1-102 (A) (4). In all other

respects, we adopt the Referee's findings and conclude that respondent is guilty of violating DR 1-102 (A) (5), (6); DR 6-101 (A) (3); DR 9-102 (A), (B); and 22 NYCRR 1022.5 (a).

The facts established at the hearing and the reasonable inferences to be drawn therefrom demonstrate that respondent was retained to represent Mr. and Mrs. A. Z. Nsilo Swai in the prospective purchase of two properties in Buffalo. The Swais were Tanzanian nationals who were members of the United Nations delegation from that country. Over a three-week period in June 1985, Mr. Swai sent respondent three checks totaling $6,000, together with letters addressed to respondent as "Attorney", instructing him to negotiate the purchases, apply for mortgages, and apply the funds as down payments on the properties. Respondent admits that he did not deposit the client's funds in a proper account and in fact maintains no such account. Respondent also admits that he did not apply the funds as down payments on the properties. Instead, respondent endorsed the three checks, cashed two, and gave the third to Ernest Mawalla, Mrs. Swai's brother, who is a client and friend of respondent. Mawalla took it to a check-cashing service and cashed the check while respondent waited outside. Respondent admits that he did not apply for the mortgage and had no contact with the bank or the property owners on behalf of the clients. Despite numerous requests for the money by Mrs. Swai and an attorney whom she retained to get the money, and, notwithstanding numerous promises by respondent to repay the money, respondent did not return the money until after commencement of a civil suit and the filing of this complaint.

The existence of an attorney-client relationship was established by the clear import of the checks and accompanying instructions sent to respondent by Mr. Swai; by respondent's acceptance, endorsement, and cashing of the checks; by respondent's failure to explain why, if there were no attorney-client relationship, he did not attempt to clarify the meaning of those communications; and by respondent's repeated promises to repay the Swais. Since it was established that respondent was acting as the Swais' attorney in their purchase of the properties, it follows that respondent neglected a legal matter entrusted to him by failing to deposit the money in a client's account, failing to apply the funds for the purposes intended by the client, turning the funds over to Mawalla without obtaining a receipt, and failing to carry out the client's instructions with respect to negotiating the purchases

and pursuing the mortgage applications. Such conduct, in addition to being a violation of Code of Professional Responsibility DR 6-101 (A) (3), DR 9-102 (A), (B), and 22 NYCRR 1022.5 (a), reflects adversely on respondent's fitness to practice law and thus is also a violation of DR 1-102 (A) (6).

The remaining charges that respondent engaged in conduct involving dishonesty and conduct prejudicial to the administration of justice by converting the client's funds are established by the circumstances surrounding his negotiation of the checks and failure to apply the funds for the purposes intended by the client and by evidence of his evasiveness, lack of cooperation, inconsistent statements, and generally incredible explanations in defense of these charges. Respondent contends that he turned over the checks or proceeds to Mawalla in the mistaken belief that Mawalla was acting as the Swais' "agent" in this matter, and further, that he relied on Mawalla's misrepresentations that he would take care of the mortgage applications and take the money to the bank. Respondent's explanations are undercut by his acceptance and handling of the checks and by his tacit admission of responsibility in promising to repay the Swais. Further, respondent's actions and inconsistent statements in response to the complaint in this matter are inconsistent with his claim of innocence. When confronted by Mrs. Swai and her attorney, respondent never claimed that he had given the money to Mawalla. Instead, he avoided the Swais and their attorney and repeatedly broke appointments to meet with them. Following the filing of this complaint, respondent consistently avoided meeting with petitioner's investigators, even after respondent had been subpoenaed to testify and produce his records. Finally, respondent made several demonstrably false and contradictory statements when he finally told the version of events to which he now adheres, the most damaging of which was his denial that he had accompanied Mawalla to the check-cashing service when Mawalla cashed the $4,000 check. Respondent's evasiveness, lack of cooperation, and generally incredible story establish an intent to defraud his clients and support a finding that respondent engaged in conduct involving dishonesty in violation of Code of Professional Responsibility DR 1-102 (A) (4) and that he engaged in conduct prejudicial to the administration of justice in violation of DR 1-102 (A) (5).

We find that respondent is guilty of professional misconduct as charged in the petition. In view of respondent's insensitivity to his legal and ethical obligations, we conclude that he should be disbarred.

BOOMER, J. P., PINE, BALIO, LAWTON and DAVIS, JJ., concur.

Order of disbarment entered.